1 | Donald P. Sullivan (State Bar No. 191080)
  | JACKSON LEWIS P.C.
2 | 50 California Street, 9th Floor
  | San Francisco, California 94111-4615
3 | Telephone: (415) 394-9400
  | Facsimile: (415) 394-9401
4 | E-mail: Donald.Sullivan@jacksonlewis.com

5 | Attorneys for Defendant
  | AMERICAN PARAGON PROTECTIVE
6 | SERVICES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ERICA SORIA, | Case No. |
|---|---|
| Plaintiff, | **DEFENDANT AMERICAN PARAGON PROTECTIVE SERVICES, LLC's NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1331, 1332, 1367, 1441, AND 1446** |
| v. | |
| AMERICAN PARAGON PROTECTIVE SERVICES, LLC, and DOES 1 through 10, inclusive, | |
| Defendant. | **[DIVERSITY AND FEDERAL QUESTION JURISDICTION]** |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF ERICA SORIA AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant AMERICAN PARAGON PROTECTIVE SERVICES, LLC ("Defendant" or "APPS"), hereby seeks removal of civil action 20CV373375 ("Action") from the Superior Court of the State of California, in and for the County of Santa Clara, to the United States District Court, Northern District of California, San Jose Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, and Local Rule 3-2(e), on the following grounds that the Action: (1) purports to assert claims arising under

laws of the United States (Federal Question – Federal Enclave); and (2) is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs (Diversity).  For these reasons, the Action is removable to this Court. Defendant states that the foregoing facts were true at the time that the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below:

## I.     TIMELINESS

Plaintiff Erica Soria ("Plaintiff") filed her Complaint for Damages ("Complaint") in the action captioned *Erica Soria v. American Paragon Protective Services, LLC, and DOES 1 through 10, inclusive*, in the Superior Court of the State of California, in and for the County of Santa Clara, on or about November 12, 2020, where the case was assigned case number 20CV373375 ("the Action").

Plaintiff caused the Summons and Complaint to be personally served on Defendant on December 9, 2020, through CT Corporation, which is its registered agent for service of process in California.  Attached hereto as Exhibit A is a true and correct copy of the Proof of Service of Summons that Plaintiff filed with the Superior Court of California, County of Santa Clara, in the Action indicating that personal service was effected on CT Corporation on December 9, 2020.

In compliance with 28 U.S.C. §1446(b), Defendant files this Notice of Removal with this Court within thirty (30) days after receipt of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based, namely the Summons and Complaint. Hence, this Removal is timely.  *See* 28 U.S.C. §1446(b); *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day removal deadline is triggered by actual service, as opposed to receipt of complaint through other means).

## II.    PROCESS

A true and correct copy of the Summons in the Action is attached hereto as Exhibit B, and a true and correct copy of the Complaint is attached hereto as Exhibit C.  Plaintiff also caused the following documents to be served on Defendant: (1) Civil Case Cover Sheet; (2) Santa Clara County Superior Court Alternative Dispute Resolution Information Sheet; and (3)

1  ADR Stipulation and Order. True and correct copies of these documents are attached hereto as
2  Exhibit D. The documents attached as Exhibits B through D are the only documents that have
3  been served on Defendant to date. These documents, along with Exhibit A, represent the totality
4  of process and pleadings filed in the Action.

This Notice of Removal is being filed without prejudice to Defendant's objections and defenses to the allegations in Plaintiff's Complaint. Written notice of the filing of this Notice of Removal will be given to all adverse parties and a copy filed with the Clerk of the Superior Court of California, in and for the County of Santa Clara, in accordance with the provisions of 28 U.S.C. §1446(d).

## III. GROUNDS FOR REMOVAL

A. Federal Question Jurisdiction Pursuant to 28 U.S.C. §1331

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. This exclusive jurisdiction of the federal courts extends to claims that arise in federal enclaves. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1259 (9th Cir. 2006). *Powell v. Tessada & Assocs.*, No. C 04-05254 JF, 2005 U.S. Dist. Lexis 46922 (N.D. Cal. March 10, 2005). Specifically, Article 1, Section 8, Clause 17 of the United States Constitution, which is known as the federal enclave clause, gives Congress the power to "exercise exclusive legislation in all cases whatsoever . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." *U.S. Const., art I., § 8, Cl. 17*.

Unless abrogated by Congress, the laws applicable to a federal enclave are limited to federal law and those state laws that were in effect when the state ceded power to the federal government, and which are not inconsistent with federal law. *Haning v. Boeing Co.*, No. 2:12-cv-10704 ODW, 2013 U.S. Dist. Lexis 130111 (C.D. Cal. September 11, 2013) citing *James Stewart & Co. v. Sadrakula*, 309 U.S. 94, 44 (1940). State laws enacted *after* the creation of a federal enclave are not enforceable in the enclave unless the state legislature reserved the right to do so when it consented to the federal government's acquisition. *Paul v. United States*, 371 U.S.

3

Defendant's Notice of Removal                                                                                    Case No.

1  245, 268 (1963); *Allison v. Boeing Laser Technical Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012)
2  ("It is well-established that after a state has transferred authority over a tract of land creating a
3  federal enclave, the state may no longer impose new state laws on those lands.").

4        In her Complaint, Plaintiff alleges that she worked for Defendant at NASA Ames
5  Research Center located at Moffett Field, California, in the County of Santa Clara. *See* Exhibit
6  C (Complaint, ¶ 2). Specifically, Plaintiff alleges that she was hired in December 2018 to work
7  as a 911 Dispatcher stationed at NASA Ames Research Center, and that she was stationed in
8  Moffett Field Building N241 throughout the entirety of her employment. *See* Exhibit C
9  (Complaint, ¶¶ 6, 8). Plaintiff then alleges that she was terminated for being disabled by an
10 allergy condition that was exacerbated by the conditions of Building N241. *See* Exhibit C
11 (Complaint, ¶¶ 8, 10, 12-15, 23, 26-27). Based on these allegations, Plaintiff has alleged the
12 following seven state-law causes of action: (1) Disability Discrimination – Termination of
13 Employment & Failure to Hire (California Government Code ¶ 12940(a) (FEHA); (2) Disability
14 Discrimination – Failure to Accommodate (California Government Code ¶ 12940(m)(1)
15 (FEHA); (3) Disability Discrimination – Failure to Engage in the Interactive Process (California
16 Government Code ¶ 12940(n) (FEHA); (4) Retaliation – California Government Code ¶
17 12940(m)(2) (FEHA); (5) Failure to Prevent Discrimination – California Government Code ¶
18 12940(k) (FEHA); (6) Retaliation – California Labor Code ¶ 1102.5; (7) Wrongful Termination
19 in Violation of Public Policy. *See* Exhibit C (Complaint, ¶¶ 32-77).

20       The United States Supreme Court has held that Moffett Field has been a federal enclave
21 under the exclusive Jurisdiction of the federal government since 1931. *Pacific Coast Dairy v.*
22 *Dep't. of Agric. of California*, 318 U.S. 285, 293 (1943); *see also Powell*, 2005 U.S. Dist. Lexis
23 46922, *4-5. All of Plaintiff's purported state law claims are based on laws that were enacted
24 <u>*after*</u> Moffett Field became a federal enclave. For example, the Fair Employment and Housing
25 Act ("FEHA") was not enacted until 1980, and its predecessor statute was not enacted until
26 1959. *Taylor v. Lockheed Martin Corp.*, 78 Cal.App.4th 472, 483 (2000); *Haining*, 2013 U.S.
27 Dist. Lexis 130111, *8. Similarly, California Labor Code section 1102.5 was not enacted until
28 1937. Cal. Lab. Code ¶ 1102.5. Finally, the common law claim for Wrongful Termination in

1  violation of Public Policy was not recognized in California until 1959. *Stiefel v. Bechtel Corp.*,
2  497 F.Supp.2d 1138, 1148-49 (S.D. Cal. 2007).

3  For the above-stated reasons, this Court has exclusive jurisdiction over all claims asserted
4  in Plaintiff's Complaint, and removal of this case to this Court is, therefore, proper under 28
5  U.S.C. section 1331.

6      B.   Diversity Jurisdiction Pursuant to 28 U.S.C. §1332
7          1.   The Parties are Diverse

8  The Court has original jurisdiction over this Action for the additional reason that the
9  parties are completely diverse and the amount in controversy exceeds $75,000.00. Section 1332
10 of Title 28 of the United States Code states in pertinent part: "[t]he district courts shall have
11 original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value
12 of $75,000…" For purposes of diversity of citizenship jurisdiction, citizenship is determined by
13 the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th
14 Cir. 1986). Regarding the citizenship of Limited Liability Companies, the company will be
15 deemed to be a citizen of the states in which its members are domiciled. *Johnson v. Columbia*
16 *Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

17 In her Complaint, Plaintiff alleges that she is an individual who resides in the State of
18 California. Exhibit C (Complaint ¶ 2). Plaintiff also alleges that Defendant is a Texas limited
19 liability corporation. *Id.*

20 Plaintiff is correct in that Defendant is a Texas limited liability company that maintains
21 its principal place of business in Texas. Defendant has two owners: (1) American Eagle
22 Protective Services, which is incorporated under the laws of the State of Texas and maintains its
23 principal place of business in Texas, and (2) Paragon Systems, Inc., which is incorporated under
24 the laws of the State of Alabama and maintains its principal place of business in Virginia.
25 Consequently, Defendant is not a citizen of California and complete diversity exists in this case.

26         2.   The Amount in Controversy Exceeds $75,000

27 Without conceding that Plaintiff is entitled to damages or can recover damages in any
28 amount whatsoever, the amount in controversy in this action exceeds $75,000, exclusive of

interest and costs. 28 U.S.C. § 1332 (a). Plaintiff's Complaint does not specify a particular amount in controversy. Where a plaintiff's state court complaint does not specify the particular amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and the statement need not contain evidentiary submissions. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82, 89 (2014). If a plaintiff contests a defendant's allegations, defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-1320 (11th Cir. 2001) (courts may consider factual statements in defendant's notice of removal in assessing removal jurisdiction).

In determining whether the amount in controversy exceeds $75,000, exclusive of interest and costs, the Court must presume Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, the aggregated claims of the Plaintiff establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of $75,000.

Plaintiff is seeking damages for past and future lost wages and benefits; emotional distress; special, general and compensatory damages; punitive damages; attorney's fees; and all other relief the Court deems just and appropriate. Exhibit C (Complaint, ¶¶ 38-39, 45-46, 52-53, 58-59, 65-66, 71-72, 76-77, Prayer for Judgment. Assuming only for purposes of this removal

that Plaintiff is able to prevail on all of her claims, the amount in controversy will exceed $75,000. Indeed, an award of emotional distress and attorney's fees alone are likely to exceed that amount. *See, e.g., Jonathan Harris v. One America News Network, et. al.*, No. 37-2018-00033996-CU-OE-CTL, 2020 JURY VERDICTS LEXIS 54828 (San Diego Sup. Ct.) (jury awarded $180,000 for past noneconomic damages and $90,000 in future noneconomic damages in retaliation case); *Nicole Birden v. The Regents of the University of California*, No. BC663189, 2019 Jury Verdicts LEXIS 22934 (Los Angeles Sup. Ct.) (jury awarded $500,000 for past emotional distress and $800,000 for future emotional distress in a discrimination and harassment case); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002)

For the above stated reasons, complete diversity exists and the minimum amount in controversy has been satisfied. Accordingly, removal to his Court on the basis of Diversity Jurisdiction is proper under 28 U.S.C. section 1332.

## IV.  VENUE

Venue is proper in the United States District Court, Northern District of California, San Jose Division pursuant to 28 U.S.C. § 1441(b) and Local Rule 3-2(e) because the events alleged in the Complaint occurred in Santa Clara County.

## V.  CONCLUSION

For the above-stated reasons, Defendant respectfully prays that this Action be removed from the Superior Court of California, in and for the County of Santa Clara, to the United States District Court, Northern District of California, San Jose Division.

Dated: January 7, 2021

JACKSON LEWIS P.C.

By: _____
Donald P. Sullivan
Attorneys for Defendant
AMERICAN PARAGON PROTECTIVE SERVICES, LLC

4817-3378-7094, v. 1