EXHIBIT C

E-FILED
11/12/2020 1:28 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV373375
Reviewed By: Y. Chavez

Cliff Palefsky, Esq. (SBN 77683)
Matt Koski, Esq. (SBN 262803 )
MCGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 421-9292
Facsimile: (415) 403-0202
Email: cp@mhpsf.com
mkoski@mhpsf.com

Noah D. Lebowitz, Esq. (SBN 194982)
LAW OFFICE OF NOAH D. LEBOWITZ
1442A Walnut Street, No. 452
Berkeley, CA 94709
Telephone: (510) 229-89832
Email: noah@ndllegal.com

Attorneys for Plaintiff
ERICA SORIA

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| ERICA SORIA,<br><br>   Plaintiff,<br><br>vs.<br><br>AMERICAN PARAGON PROTECTIVE SERVICES, LLC, and DOES 1 through 10, inclusive,<br><br>   Defendant(s). | Case No.: 20CV373375<br><br>COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION, RETALIATION, AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |

## PARTIES

1.     Plaintiff Erica Soria ("Plaintiff" or "Soria") is an individual who resides in the State of California.

2.     Defendant American Paragon Protective Services, LLC ("APPS" or "Defendant") is a Texas limited liability corporation doing business at AMES NASA research Center located at Moffett Field, California, in the County of Santa Clara.

1

COMPLAINT FOR DAMAGES

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names under California Code of Civil Procedure § 474. Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the occurrences herein alleged and that the injuries of Plaintiff as herein alleged have been proximately caused by the aforementioned defendants, and each of them.

4. Plaintiff is informed and believes and thereon alleges that each of the defendants named herein has at all times relevant to this action been the officer, agent, employee and/or representative of the remaining defendants and has acted within the course and scope of such agency and employment, and with the permission and consent of the co-defendants.

## VENUE

5. Venue as to each Defendant is proper in this judicial district, pursuant to California Government Code § 12965(b). Plaintiff's employment with the Defendant was based in the Defendant's offices located in the County of Santa Clara. Acts and omissions leading to liability in this case occurred in the County of Santa Clara.

## FACTUAL ALLEGATIONS

6. Soria was hired in December 2018 as a 911 Dispatcher, stationed at the NASA Ames Research Center ("NASA/ARC").

7. At the time she began working for APPS, Soria had asthma and dust allergies that were under control.

8. When she first started, Soria was stationed in a building known at NASA/ARC as Building N241. When Soria began her training in Building N241, she noticed the computer equipment was extraordinarily dusty. Immediately upon touching the equipment, Soria developed allergic reactions requiring her to use her inhaler and take Benadryl to control. From that point on, Soria's eyes were constantly irritated at work, forcing her first to use eye drops, then gel-based eye drops to keep her eyes lubricated.

McGuinn, Hil
& Palefsk
535 Pacific A:...
San Francisco, CA 94133
(415) 421-9292

9. While in her workspace in Building N241, Soria also observed black mold and water damage.

10. In February 2019, Soria developed severe anemia, requiring hospitalization. Migraines and headaches became a daily occurrence.

11. Over the course of March through May 2019, Soria received intravenous iron infusion to combat the continued anemia.

12. Soria came to learn that all or most of the other dispatchers had chronic health issues, many of which coincided with the start of their employment in the dispatch center. Soria also came to learn that the dispatchers felt fearful of speaking up about the work environment and their conditions. Soria felt the same fear.

13. In April 2019, the air conditioning system for Building N241 was shut down. There was no longer any air ventilation or filtration in the building. Management brought in small desktop fans, but those did not provide any relief as the rooms were windowless.

14. In mid-August 2019, the air conditioning system was turned back on by connecting it to a temporary chiller set up in the parking lot. When Soria arrived for her shift just before midnight on August 17, the air conditioning was blowing extremely cold air with such intensity that debris from the main air conditioning vent and other clogged vents floated around the room. As the exhaust vent was clogged, none of this debris was circulated out of the room.

15. Within one hour of being in this environment, Soria's throat closed up and she could barely speak. She started to have an asthma attack. Because she feared for her job, Soria kept working in these conditions for the next few days until she could get in to see her doctor.

16. Over the ensuing 2.5 weeks, Soria was able to see her doctor and required visits to the hospital emergency room.

17. In late August 2019, upon the suggestion of a co-worker, Soria decided to go through the chain of command to talk about filing a workers' compensation claim. She reached out to Captain John Nebres to ask about speaking with Chief Noel MacDougall. At first, Captain Nebres said that Chief MacDougall was unavailable, but then Chief MacDougall and Project

McGuinn, Hil
& Palefsk
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

3

COMPLAINT FOR DAMAGES

Manager James Pope joined the call. Soon after this call, Soria filed her workers' compensation claim. A few days later, Soria was rushed to the hospital where she stayed for several days as her condition continued to worsen.

18. Soria followed up her workers' compensation claim by calling APPS Director of Human Resources Kathleen Peschel. Peschel was openly hostile to Soria's inquiries. Peschel questioned Soria's motives, saying "You're always sick; this is your fault. I'm no longer your point of contact. Talk with the workers' comp adjuster."

19. Soria subsequently learned from Chief MacDougall that he had inquired with a building maintenance employee who confirmed the building had black mold throughout in many locations.

20. In mid-September 2019, Soria met with Brian Erich Knapp MD, the doctor assigned through workers' compensation. That doctor gave Soria a work restriction of avoiding Building N241 pending any improvements in the air quality and cleanliness of the dispatchers' room.

21. As it turned out, the dispatch center was scheduled to move to a new building in the coming months. The precise date of the move was uncertain, but expectations at the time were that it would happen by the end of 2019.

22. On September 23, Chief MacDougall texted Soria and said: "If for whatever reason you come back to work and you still have an issue breathing I was told we would have you work with the records specialist, Sylvia, until the new dispatch center opened."

23. By October 3, 2019, Dr. Knapp agreed that Soria could return to work so long as APPS did not require her to enter Building N241. On that date, he wrote a note saying: "STAY OUT OF BUILDING 241; OTHERWISE MAY PARTICIPATE IN UNRESTRICTED ACTIVITY." By October 31, Dr. Knapp determined that Soria was "MAXIMALLY MEDICALLY IMPROVED" while maintaining the prior restriction to stay out of Building 241. So, Soria asked Chief MacDougall if she could be assigned to work in the police records department performing background checks for security personnel. This work was done in a room

McGuinn, Hil
& Palefsk
535 Pacific A...
San Francisco, CA 94133
(415) 421-9292

4

COMPLAINT FOR DAMAGES

that was not in Building 241. It was work that Soria had done as part of her dispatcher job and there was significant backlog at the time that would keep Soria busy.

24. Chief MacDougall agreed to Soria's proposal, so long as APPS Human Resources approved. Over the course of November 2019, Soria kept in contact with Chief MacDougall. APPS never brought Soria back to work, even on modified duty.

25. On the morning of December 11, 2019, Soria was informed by Chief MacDougall that air sampling had been done in the dispatch work space. When Soria asked Chief MacDougall to see the results of the tests, he replied that the information was on a secure server and he could not retrieve it for her.

26. Shortly after her exchange with Chief MacDougall, Soria received a phone call from APPS Director of Human Resources Kathleen Peschel. This call was the first contact Soria had from Human Resources since she went out on her leave of absence in August. Peschel told Soria that she was being terminated because of the doctor's restriction keeping her from working in Building N241. She also stated that APPS could not create a new position for her and the company did not know when the new dispatch center would be ready. Soria brought up her prior suggestion of doing the background checks in the police records department until the new dispatch center opened, but Peschel rejected the idea. Peschel continued by telling Soria that if she did not have the restriction from Building N241, she could come right back to work. Soria replied that the doctor's main concern was keeping her from the building until it had been cleaned, and asked Peschel if any cleaning had taken place. Peschel replied that it had been cleaned and air quality tested. Soria then said she would tell the doctor this new information and she expected he would then lift the restriction. Peschel immediately backtracked, telling Soria that she was in Texas and had not actually seen the facility herself since the cleaning, so could not confirm that it had taken place.

27. Soria's official termination date was December 11, 2019. In an email to Soria on that date, Peschel wrote: "as you are unable to return to the Dispatch building at NASA Ames, please find attached the notices and information regarding separation from APPS." Attached to

McGuinn, Hil
& Palefsk
535 Pacific A\`........
San Francisco, CA 94133
(415) 421-9292

5

COMPLAINT FOR DAMAGES

that email was a document entitled "Notice to Employee as to Change in Relationship" stating the change in employment status as: "Terminated due to unable to return from leave due to Doctor's [sic] restriction."

28.  The new dispatch center opened just three months later, on March 11, 2020.

29.  In their December 11, 2019 phone conversation, Peschel told Soria that she was welcome to apply for any open position once the new dispatch center opens. Soria is informed and believes that since that time, APPS has filled at least one dispatcher position with a formerly employed dispatcher who APPS called in to apply for the position. APPS did not call Soria nor did APPS notify Soria that any such position was available. Soria has since inquired about open APPS positions for which she is qualified and has been informed that those positions had been filled, without providing her any notice of their availability. In September 2020, Soria responded to an APPS job posting for a Police Records Specialist position at NASA/AMES and was granted an interview. Soria is informed and believes and thereon alleges that other candidates were granted interviews with a panel of multiple APPS employees, while Soria received an interview with a single member of APPS management. Despite being qualified for the job, APPS did not offer Soria the position. Soria is informed and believes and thereon alleges that the person who was offered the job does not have a disability or a record of a disability, had not requested reasonable accommodation, and had not filed a complaint for disability discrimination.

30.  Soria is informed and believes and thereon alleges that APPS has held jobs open and approved leaves of absence for others, including for periods of time significantly longer than what would have been required to enable Soria to return to full duty once the new dispatch center opened.

31.  On September 4, 2020, Soria filed her Complaint of Discrimination with the California Department of Fair Employment and Housing ("DFEH"). On that same date, the DFEH issued Soria her right-to-sue letter. On November 11, 2020, Soria filed an additional Complaint of Discrimination with the DFEH alleging discrimination and retaliation for the

McGuinn, Hil
& Palefsk
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

failure to offer her the Police Records Specialist job, or any other open position for which she is qualified. This Complaint is filed within one year of both right-to-sue letters.

## FIRST CAUSE OF ACTION
### Disability Discrimination – Termination of Employment & Failure to Hire
### (California Government Code § 12940(a).)

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33. At all times relevant to this Complaint, the California Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code § 12900 *et seq.*) and its implementing regulations were in full force and effect and binding on the Defendant.

34. Pursuant to Government Code § 12940(a) it is unlawful for an employer to discriminate against an employee because of the employee's physical disability.

35. Pursuant to Government Code §§ 12926 and 12926.1 Soria has a physical disability, a record of a physical disability, and/or was perceived as or treated as having a physical disability by APPS.

36. Soria is able to perform the essential functions of her job of dispatcher with reasonable accommodations for her disability. Soria also is able to perform the essential functions of the Police Records Specialist position for which she interviewed in September 2020.

37. Soria's physical disability was a substantial motivating factor in APPS' decisions to terminate her employment in 2019 and deny her reemployment in 2020.

38. As a direct and proximate result of Defendant's wrongful conduct, Soria has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

39. In doing the things alleged herein, the Defendant's conduct was despicable, and the Defendant acted toward Soria with malice, oppression, fraud, and with willful and conscious disregard of Soria's rights, entitling Soria to an award of punitive damages. The Defendant's

McGuinn, Hil
& Palefsk
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

7

COMPLAINT FOR DAMAGES

conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### Disability Discrimination – Failure to Accommodate
### (California Government Code § 12940(m)(1).)

40. Plaintiff incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41. At all times relevant to this Complaint, the FEHA and its implementing regulations were in full force and effect and binding on the Defendant.

42. Pursuant to Government Code § 12940(m)(1) it is unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

43. Pursuant to Government Code §§ 12926 and 12926.1 Soria has a physical disability, a record of physical disability, and/or was perceived as or treated as having a physical disability by the Defendant.

44. As set forth above, Soria requested reasonable accommodations. Despite Soria's requests, the Defendant failed and refused to provide Soria any reasonable accommodation(s).

45. As a direct and proximate result of Defendant's wrongful conduct, Soria has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

46. In doing the things alleged herein, the Defendant's conduct was despicable, and the Defendant acted toward Soria with malice, oppression, fraud, and with willful and conscious disregard of Soria's rights, entitling Soria to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

WHEREFORE, Plaintiff prays for relief as set forth below.

///

McGuinn, Hil
& Palefsk
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

## THIRD CAUSE OF ACTION
### Disability Discrimination – Failure to Engage in the Interactive Process
### (California Government Code § 12940(n).)

47. Plaintiff incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

48. At all times relevant to this Complaint, the FEHA and its implementing regulations were in full force and effect and binding on the Defendant.

49. Pursuant to Government Code § 12940(n) it is unlawful for an employer to fail to engage in the interactive process after a reasonable accommodation is requested by an employee or after it becomes apparent to the employer that an employee's disability is impeding the employee's ability to carry out the essential functions of her job.

50. Pursuant to Government Code §§ 12926 and 12926.1 Soria has a physical disability, a record of physical disability, and/or was perceived or treated as having a physical disability by the Defendant.

51. As set forth above, Soria requested reasonable accommodations. The Defendant failed and refused to respond to those requests in good faith and failed and refused to engage in a timely, good faith interactive process.

52. As a direct and proximate result of Defendant's wrongful conduct, Soria has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

53. In doing the things alleged herein, Defendant's conduct was despicable, and Defendants acted toward Soria with malice, oppression, fraud, and with willful and conscious disregard of Soria's rights, entitling Soria to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

WHEREFORE, Plaintiff prays for relief as set forth below.

///

McGuinn, Hil
& Palefsk
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

## FOURTH CAUSE OF ACTION
### Retaliation
### (California Government Code § 12940(m)(2).)

54. Plaintiff incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

55. At all times relevant to this Complaint, the FEHA and its implementing regulations were in full force and effect and binding on the Defendant.

56. Pursuant to Government Code § 12940(m)(2) it is unlawful for an employer to retaliate against an employee for requesting reasonable accommodation.

57. As set forth above, Soria engaged in multiple acts of protected activity by requesting reasonable accommodation as well as filing a complaint with the DFEH. Soria's various forms of protected activity served as a substantial motivating factor in the Defendant's decisions to terminate her and to not offer reemployment.

58. As a direct and proximate result of the Defendant's wrongful conduct, Soria has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

59. In doing the things alleged herein, the Defendant's conduct was despicable, and the Defendant acted toward Soria with malice, oppression, fraud, and with willful and conscious disregard of Soria's rights, entitling Soria to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION
### Failure to Prevent Discrimination
### (California Government Code § 12940(k).)

60. Plaintiff incorporates by reference paragraphs 1 through 59 as though fully set forth herein.

McGuinn, Hil
& Palefsk
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

61. At all times relevant to this Complaint, the FEHA and its implementing regulations were in full force and effect and binding on the Defendant.

62. Pursuant to Government Code § 12940(k), it is unlawful for an employer to fail to prevent discrimination from existing in the workplace.

63. In engaging in the conduct described above, the Defendant failed to engage in any reasonable steps to prevent discrimination against Soria.

64. Soria is informed and believes and thereon alleges that the Defendant does not have appropriate policies, procedures, practices, guidelines, rules, and/or trainings regarding the prevention of discrimination in the workplace

65. As a direct and proximate result of the Defendant's wrongful conduct, Soria has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

66. In doing the things alleged herein, the Defendant's conduct was despicable, and the Defendant acted toward Soria with malice, oppression, fraud, and with willful and conscious disregard of Soria's rights, entitling plaintiff to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SIXTH CAUSE OF ACTION
### RETALIATION
### (Labor Code § 1102.5 *et seq.*)

67. Plaintiff incorporates by reference paragraphs 1 through 66 as though fully set forth herein.

68. At all times relevant to this Complaint, Labor Code § 1102.5 was in full force and effect and binding on the Defendant.

69. Pursuant to Labor Code § 1102.5, it is unlawful to "retaliate against an employee for disclosing information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if

McGuinn, Hill
& Palefsk
535 Pacific A:....
San Francisco, CA 94133
(415) 421-9292

11

COMPLAINT FOR DAMAGES

the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

70. Soria's filing of her DFEH complaint in September 2020 constitutes protected activity as defined by Labor Code § 1102.5(b). As a result, the Defendant's continuing conduct in denying her reemployment constitutes unlawful retaliation in violation of Labor Code § 1102.5 *et seq*.

71. As a direct and proximate result of the Defendant's wrongful conduct, Soria has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

72. In doing the things alleged herein, the Defendant's conduct was despicable, and the Defendant acted toward Soria with malice, oppression, fraud, and with willful and conscious disregard of Soria's rights, entitling Soria to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SEVENTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

73. Plaintiff incorporates by reference paragraphs 1 through 72 as though fully set forth herein.

74. It is the public policy of the State of California to prohibit employers from discharging employees in a discriminatory or retaliatory manner. This public policy is embodied in, *inter alia*, the California Government Code, California Labor Code and the California Code of Regulations.

75. The Defendant's decision to terminate Soria was motivated at least in substantial part by the (a) the Defendant's failure or refusal to provide Soria with a reasonable

McGuinn, Hill
& Palefsk
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

12
COMPLAINT FOR DAMAGES

accommodation, (b) the Defendant's failure or refusal to enter into to the interactive process, (c) Soria's disability, and/or (d) Soria's engaging in protected activity.

76. As a direct and proximate result of the Defendant's wrongful conduct, Soria has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

77. In doing the things alleged herein, the Defendant's conduct was despicable, and the Defendants acted toward Soria with malice, oppression, fraud, and with willful and conscious disregard of Soria rights, entitling Soria to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR JUDGMENT

Plaintiff Erica Soria prays for judgment as follows:

1. For special, general, and compensatory damages according to proof at trial;
2. For punitive damages according to proof at trial;
3. For reasonable attorneys' fees, expert witness fees, and other litigation expenses pursuant to Government Code § 12965(b), Labor Code § 1102.5(j), and Code of Civil Procedure § 1021.5;
4. For all other relief the Court deems appropriate and just.

McGUINN, HILLSMAN & PALEFSKY

LAW OFFICES OF NOAH D. LEBOWITZ

Dated: November 12, 2020   By: *Cliff Palefsky*

Cliff Palefsky
Attorneys for Plaintiff ERICA SORIA