EXHIBIT D

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### What kind of disputes can be resolved by ADR?

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?

**Contact:**
Santa Clara County Superior Court
ADR Administrator
408-882-2530

**ATTACHMENT CV-5008**

| ATTORNEY OR PARTY WITHOUT AN ATTORNEY (NAME AND ADDRESS) | TELEPHONE NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR (Name). | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:

DEFENDANT:

**ADR STIPULATION AND ORDER**

CASE NUMBER:

1. Pursuant to California Rule of Court 3.221(a)(4), the parties and their attorneys stipulate that all parties in this action have appeared, and the claims in this action shall be submitted to the following alternative dispute resolution process:

   a. ☐ Mediation pursuant to Local Civil Rule 2D
   b. ☐ Neutral Evaluation pursuant to Local Civil Rule 2D
   c. ☐ Referee/Special Master
   d. ☐ Early Settlement Conference pursuant to Local Civil Rule 4.
      i. ☐ Rule 4 neutral has signed this stipulation below, agreeing to take this case.
   e. ☐ Binding Arbitration
   f. ☐ Non-binding Judicial Arbitration pursuant to CCP §1141.10 et seq., CRC 3.810 et seq. and Local Civil Rule 5.
      i. ☐ Discovery will remain open until 30 days before trial.
   g. ☐ Other:_____

2. It is also stipulated that_____ (name of individual neutral, not organization) shall serve as_____ (neutral function/process) and that the session will take place on _____ (enter a FIRM date) at _____ (time).

3. This stipulation ☐ changes a previously set court hearing date (filing fee required per court fee schedule).
   ☐ does not change a previously set court hearing date.

Date:_____

_____          _____
(NEUTRAL: Type or Print Name)                              (Signature)

_____          _____
(Type or Print Name)                                           (Signature)

_____          _____
(Type or Print Name)                                           (Signature)

_____          _____
(Type or Print Name)                                           (Signature)

(Attach Additional Signature Pages if Necessary)
ORDER ON REVERSE SIDE

ATTACHMENT CV-5008

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

IT IS ORDERED:

4. a. The ☐ Case Management Conference ☐ ADR Status Review ☐ Trial Setting Conference
      ☐ Case Status Review re: _____
      currently set for _____, 20____, at _____ ☐ AM ☐ PM in Department _____ is hereby vacated.

   b. ☐ ADR Status Review
   c. ☐ Case Status Review re: _____
   d. ☐ Trial Setting Conference following ADR Review   ☐ _____
      is set for _____, 20____, at _____ ☐ AM ☐ PM in Department _____.

5. ☐ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of the arbitrator.

Date: _____

_____
Judicial Officer of the Superior Court

Reset Form

| CV-5008 REV 07/01/16 | ADR STIPULATION AND ORDER | Page 2 of 2 |
|---|---|---|
| For Mandatory Use | | |